# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | of Florida (Middle) | |
|---|---|---|---|
| Name (under which you were convicted): Jason Dean Barnes | | | Docket or Case No.: |
| Place of Confinement: Coleman Low FCI | | Prisoner No.: 62815-018 | |
| UNITED STATES OF AMERICA  V.  Jason Dean Barnes | | Movant (include name under which convicted) | |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   U.S. District Court - Florida Middle
   300 North Hogan Street
   Jacksonville, FL 32202

   (b) Criminal docket or case number (if you know): 3:15-cr-112

2. (a) Date of the judgment of conviction (if you know): 1/22/2018
   (b) Date of sentencing: 1/18/2018

3. Length of sentence: 72 Months

4. Nature of crime (all counts):
   Receipt of child pornography (CT1)

5. (a) What was your plea? (Check one)
   (1) Not guilty ✔   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)  Jury ☐   Judge only ✔

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐   No ✔

8. Did you appeal from the judgment of conviction?    Yes [✓]    No [ ]

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the 11th Circuit
   (b) Docket or case number (if you know): 18-10458-G
   (c) Result: Affirmed
   (d) Date of result (if you know): 9/20/2019
   (e) Citation to the case (if you know):
   (f) Grounds raised:
   1. First it remains an open question whether the good-faith exception is available where the warrant was void ab initio, because the issuing magistrate judge acted beyond the territorial jurisdiction granted by the Federal Magistrate Act and Federal Rules of Criminal Procedure 41(b).

   2. FBI agent, acted outside the bound, of good-faith exception when they presented the NIT affidavit to the EDVA magistrate judge.

   (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes [✓]    No [ ]
   If "Yes," answer the following:
   (1) Docket or case number (if you know): SC #19-7053
   (2) Result: Denied

   (3) Date of result (if you know):
   (4) Citation to the case (if you know): 01/27/2020
   (5) Grounds raised:
   Magistrate lacked authority to issue warrant.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [ ]    No [✓]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐   No ☐

    (7) Result: _____

    (8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court: _____

    (2) Docket of case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐   No ☐

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:    Yes ☐    No ☐

    (2) Second petition:    Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** The Constitution guarantees all criminal defendant a trial by a jury of peers. Defense counsel misadvise deprived Mr. Barnes of a jury trial.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See continuation page.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☑
  (2) If you did not raise this issue in your direct appeal, explain why:
  The issue was not ripe for review on direct appeal since it relies on facts outside the record.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☑
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: N/A
  Name and location of the court where the motion or petition was filed:
  N/A
  Docket or case number (if you know): N/A
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):
  N/A

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐   No ☐

  (4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐  No ☐

  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

    Yes ☐  No ☐

  (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

  (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

**GROUND TWO:** The Constitution provides that the Federal Judiciary consist of court's of limit jurisdiction. Also, the Constitution protects citizens against unreasonable searches. The Government relied upon evidence illegally obtained from a court without jurisdiction to convict Mr. Barnes. Hence, the Constitution invalidates the conviction.

  (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See continuation page.

  (b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☑  No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☑
   (2) If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition:
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐    No ☐
   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐    No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐    No ☐
   (6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** The Constitution's due process requires the government to ensure the effective-assistance-of appellate-counsel. Appellate counsel relied upon the appeals briefs from an unrelated case. Thereby depriving Mr. Barnes of the counsel's assistance.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See continuation page.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

The issue was not ripe for review on direct appeal since it relies on facts outside the record.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** The Constitution imposes, on the government a duty to ensure a criminal trial is fair. The government intentionally encouraged criminal conduct and engaged in forum shopping to obtain a search warrant. The government breached its duty to ensure a fair trial.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See continuation page.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
  Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
  Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
  Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

To some extent all grounds are new since each relies upon facts which were not within the record at the time of the direct appeal.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At the preliminary hearing:

    (b) At the arraignment and plea:
    Jeffrey Alan Gedbaw, Federal Public Defender's Office, Ste. 1240, 200 W. Forsyth St., Jacksonville, FL 32202

    (c) At the trial:
    Susan Yagzi, Maurice C. Grant, II, Federal Public Defender's Office, Ste. 1240, 200 W. Forsyth St., Jacksonville, FL 32202

    (d) At sentencing:
    Susan Yagzi, Maurice C. Grant, II, Federal Public Defender's Office, Ste. 1240, 200 W. Forsyth St., Jacksonville, FL 32202

    (e) On appeal:
    Jenny L. Devine, Federal Public Defender's Office, 2700, 400 N. Tampa St., Tampa, FL 33602

    (f) In any post-conviction proceeding:

    (g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence: N/A
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The Supreme Court denied Mr. Barnes certorari on January 27, 2020, thus this motion is timely under 28 U.S.C. Section 2255(f)(1)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:
to vacate and set aside the sentence for ineffective assitance of counsel.

_____

or any other relief to which movant may be entitled.

/s/Shannon A. Ligon (Florida Bar #59191)
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.
(month, date, year)

Executed (signed) on _____ (date)

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

My client, Jason Dean Barnes, is incarcerated, therefore, is unable to sign this form and has consented to our representation in filing of this Motion.

**GROUND ONE:** The Constitution guarantees all criminal defendant a trial by a jury of peers. Defense counsel misadvise deprived Mr. Barnes of a jury trial.

(a) Supporting facts:

Defense counsel advised Mr. Barnes that he had a better chance with the district judge, than a jury because the jury would not understand the true nature of the crime. A position defense counsel bolstered by misadvising Mr. Barnes as to the intent element of the crime. Counsel did not explain that the concept of intent required purpose of doing an act; as well as doing the act itself. If counsel had advised Mr. Barnes that the judge had to apply the same standards as the jury, then Mr. Barnes would not have surrendered his right to a jury.

Similarly, if counsel had explained that the government had to prove he intended to have control and domain over the illegal images when they were accessed, then he would have insisted on a jury trial since the jury (his peers) would understand the confusing nature of the internet.

**GROUND TWO:** The Constitution provides that the Federal Judiciary consist of courts of limited jurisdiction. Also, the Constitution protects citizens against unreasonable searches. The Government relied upon evidence illegally obtained from a court without jurisdiction to convict Mr. Barnes. Hence, the Constitution invalidates the conviction.

(a) Supporting facts:

The Constitution limits the federal judiciaries authority to act by time, (e.g., Ex Post Facts Clause), by geography (e.g., Residency statutes, and by the nature of cases (e.g., Case and Controversy Requirement).

The limitations on the judiciary are meant to protect the individual against improper invasion of privacy by the government.

Here the government knew that it could not obtain a warrant in the proper venue. In order to circumvent the jurisdiction obstacles, the government sought a warrant from a court in a different state. (Virginia). The Magistrate Judge in that court exceeded its power and authority (subject matter jurisdiction) and issued the warrant. Established precedent provides that an action taken by a court without jurisdiction is a nullity— at law, it never existed.

This court violated due process when it permitted an indictment and conviction that relied on a legal nullity. The criminal judgment should be vacated, and the indictment dismissed.

**GROUND THREE:** The Constitution's due process requires the government to ensure the effective-assistance-of appellate-counsel. Appellate counsel relied upon the appeals briefs from an unrelated case. Thereby depriving Mr. Barnes of the counsel's assistance.

(a) Supporting facts:

In light of limited resources, defense counsel attached Mr. Barnes' appeal to that of a similar case, instead of particularizing Mr. Barnes' claim to his record and facts, counsel depended on the arguments and efforts of the attorneys in the other case. In essence, counsel involuntarily shifted Mr. Barnes' representation to attorneys that had no duty of loyalty to Mr. Barnes, thereby depriving Mr. Barnes of counsel including counsel for his certiorari petition. This court should follow Eleventh Circuit protocol and review Mr. Barnes' direct appeal rights.

**GROUND FOUR:** The Constitution imposes on the government a duty to ensure a criminal trial is fair. The government intentionally encouraged criminal conduct and engaged in forum shopping to obtain a search warrant. The government breached its duty to ensure a fair trial.

(a) Supporting facts:

The government operated the illegal website not only offering but also encouraging Mr. Barnes' arguably illegal conduct. The government should have been estopped from prosecuting Mr. Barnes, since it was the government, which initiated and controlled the computer technology that generated illegal behavior.

To make matters worse and regardless of whether the "government estoppel" doctrines apply. The government realized it lacked evidence to prove its case—more accurately lacked evidence even to indict—thus, the government intentionally chose an alien forum and misinformed that court as to the factual circumstances in order to obtain a search warrant that the Constitution otherwise forbid.

The government investigative techniques violated its duty to ensure a fair trial.